ROGERS et al. v. CHICKAMAUGA TRUST CO. et al.

(Circuit Court of Appeals, Fifth Circuit.    November 2, 1918.)

No. 3213.

1. COURTS ⊜⇒308—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZEN-SHIP.

Suit is not maintainable in federal court on ground of diversity of citizenship, defendants and one of plaintiffs being citizens of the same state.

2. BANKRUPTCY ⊜⇒293(1)—SUIT ANCILLARY TO BANKRUPTCY PROCEEDING.

A suit having for one object discharge of one plaintiff from liability on payment of fund into court, to be interpleaded for by defendants, one of whom was trustee in bankruptcy, and for its other object enjoining proceedings by the trustee against the other plaintiff, *held* not ancillary to bankruptcy proceeding, as regards jurisdiction of federal court without diversity of citizenship.

Appeal from the District Court of the United States for the Southern District of Georgia; Emory Speer, Judge.

Suit by the Chickamauga Trust Company and another against Effie Rogers and others. From an adverse decree, defendants appeal. Reversed, with direction.

R. A. Hendricks, of Nashville, Ga. (W. E. Martin, Jr., of Macon, Ga., on the brief), for appellants.

Geo. S. Jones and Orville A. Park, both of Macon, Ga., E. K. Wilcox, of Valdosta, Ga., and John P. Knight, of Nashville, Ga. (Wilson & Bennett, of Waycross, Ga., and Hardeman, Jones, Park & Johnston, of Macon, Ga., on the brief), for appellees.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

WALKER, Circuit Judge. [1] This was a bill in equity, filed in the District Court by the appellees, the Chickamauga Trust Company, a Tennessee corporation, and W. R. Smith, a citizen of Georgia, against the appellants, citizens of the state of Georgia. One of the plaintiffs being a citizen of the same state of which the defendants are citizens, the suit was not maintainable in the court in which it was brought, unless that court had jurisdiction upon some ground other than diversity of citizenship of the opposing parties.

[2] In behalf of the appellees it is contended that the suit was such a one that the court's jurisdiction was not dependent upon a diversity of citizenship. This contention is based upon the circumstance that an object of the suit, as disclosed by the bill, is to enable one of the plaintiffs, the Chickamauga Trust Company, to obtain a discharge of liability for a fund in its possession upon the payment of it into court, which was asked to require the several defendants to interplead and set up conflicting claims, which it was alleged they asserted against the fund; one of the defendants being the trustee in bankruptcy of Effie Rogers. The fund was that part of the purchase price of land of the bankrupt, sold under a foreclosure of a

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

first lien or charge given or created to secure a debt to the Chicka-mauga Trust Company, which was left after satisfying that secured debt and paying other amounts claimed to have been properly dis-bursed out of the purchase price. It was contended that the suit was ancillary or auxiliary to the bankruptcy proceeding, and, be-cause of that fact, was maintainable in the court in which it was brought, though one of the plaintiffs was a citizen of the same state of which the defendants are citizens.

The bill did not profess to be in aid of the bankruptcy proceeding. It made no mention of that proceeding, except by averments to the following effect in regard to a petition which it was alleged the de-fendant trustee in bankruptcy, several months before the filing of the bill, addressed to the referee in bankruptcy:

The petition mentioned averred that said Smith was in possession of a sum alleged to be the balance of the amount paid on the sale under the above-mentioned foreclosure, after paying the secured debt owing to the Chickamauga Trust Company and the costs of fore-closure, and that said trustee claimed that balance, but said Smith failed and refused to pay it over to the trustee; that, pursuant to the prayer of said petition, the referee made an order requiring said Smith to appear and show cause why he should not turn over said alleged balance to said trustee in bankruptcy; that said Smith duly made answer to said petition; and that the proceeding so brought by the trustee in bankruptcy was pending and undisposed of at the time the bill in this case was filed. The relief sought and obtained in this case included an injunction restraining the further prosecution of the proceeding commenced by the filing by the trustee of the above-mentioned petition in the bankruptcy proceeding.

So far as the object of the pending suit was to obtain relief inur-ing to the benefit of the plaintiff Smith, there was nothing in it to suggest that it was in aid of the bankruptcy proceeding. It was not alleged that any fund was in Smith's possession at the time the bill was filed. The bill contained no offer to surrender to the court anything in the possession of Smith. So far as he was concerned, the bill sought an injunction restraining the further prosecution of a proceeding instituted by the trustee in bankruptcy, which was pend-ing and undisposed of. As to this phase of the pending suit, instead of it being one auxiliary to or in aid of the bankruptcy proceeding, it is rather to be regarded as one seeking to interrupt and thwart the prosecution of a petition filed by the trustee in the bankruptcy pro-ceeding. If the Chickamauga Trust Company had been the sole party plaintiff, it seems that the suit could not properly have been regarded as ancillary to the bankruptcy proceeding, when it was not made to appear that that plaintiff had or sought to have any connection with the bankruptcy proceeding, and that the only relief sought in behalf of that plaintiff was an injunction restraining the defendants from proceeding against the plaintiff after its payment into court of the fund in its possession; the bill showing that the defendant trustee in bankruptcy was one of several adverse claimants of that fund. If, without bringing this suit, the Chickamauga Trust Company had

paid into the bankruptcy court the fund in its possession, that court could have required all claims against that fund to be there asserted.

But the Chickamauga Trust Company was not the sole plaintiff. So far as the suit was in behalf of its coplaintiff, Smith, it had no semblance of a suit ancillary to the bankruptcy proceeding. As to this phase of the suit it was one independent of the bankruptcy proceeding against several defendants, one of whom happened to be the trustee in bankruptcy. It was suggested in argument that the presence of Smith as a plaintiff in the suit may be ignored, and the suit treated as one by the Chickamauga Trust Company alone, because Smith was a mere formal and unnecessary party. A sufficient answer to this suggestion is that the bill sought relief inuring to the sole benefit of the plaintiff Smith, and that such relief was awarded by the decree appealed from. The bill showed that Smith was materially interested in relief sought. The prosecution of a pending proceeding against him alone was enjoined.

Nothing is disclosed which prevents the fact that one of the plaintiffs materially interested in the relief sought and granted is a citizen of the same state of which the defendants are citizens, having the effect of making the case one not within the jurisdiction of the court in which it was brought.

It follows that the decree appealed from was erroneous. It is reversed, with direction that the bill be dismissed for lack of jurisdiction.

Reversed.